IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BAD RHINO GAMES, LLC,

        Plaintiff,

v.                                         Case No. 23-2303-JWB

TURN ME UP GAMES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to seal four exhibits in support of its motion for summary judgment. (Doc. 82.) Defendant Turn Me Up Games, Inc. ("TMU") is a video game developer. In late summer and fall of 2021, TMU engaged in discussions with Digital Extremes Ltd ("DEX"), another video game developer and publisher, regarding the development of an online game (the "game"). (Doc. 22 at 14.) TMU and DEX entered into an agreement under which TMU agreed to port the game being developed by Airship Syndicate Entertainment ("Airship Syndicate") into another software format. On October 22, 2021, TMU entered into an independent contractor agreement ("ICA") with Plaintiff Bad Rhino Games ("Bad Rhino") to establish the scope of Bad Rhino's porting services relating to the game. (Doc. 71 at 5.) Bad Rhino also entered into a master services agreement with TMU. (*Id.* at 4.) Bad Rhino has asserted a claim of breach of contract against TMU for allegedly breaching the ICA by failing to pay certain invoices. (*Id.* at 12.) TMU has asserted a counterclaim for breach of contract against Bad Rhino. (*Id.* at 13.)

In support of its motion for summary judgment, TMU has attached the independent contractor agreement between it and DEX and three master service agreements. (Doc. 80.) The

1

master service agreements are three separate but similar agreements between DEX and TMU (Doc. 80-1), Airship Syndicate and TMU (Doc. 80-2), and Airship Syndicate and Bad Rhino (Doc. 80-3). TMU seeks to seal these four exhibits because they contain detailed, confidential, and proprietary product development information regarding the game. (Doc 82 at 1.)

The standards governing sealing court records were summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

TMU's motion fails to satisfy this standard as TMU has not specifically identified which provisions in the agreements contain proprietary product development information. Further, the court notes that the ICA between the parties is currently on file in this matter in redacted form and has similar provisions to the independent contractor agreement between TMU and DEX. (*See* Doc. 22-2.) This strongly supports a finding that it is not necessary to seal the entire agreement. Also, a redacted version of the master service agreement between Airship Syndicate and TMU has also been on file for more than one year. (Doc. 22-5.) Therefore, this supports a finding that these master service agreements do not need to be sealed in their entirety.

TMU's motion to seal (Doc. 82) is DENIED without prejudice. On or before November 29, TMU may file a motion requesting that the court allow redacted versions of the exhibits to be filed in the public record. Any such motion must be detailed and provide sufficient justification for redacting each provision of the agreements that TMU seeks to redact. Otherwise, it will be

summarily denied.  The clerk's office is to keep the Exhibits contained in Doc. 80 under seal until further order.

IT IS SO ORDERED.  Dated this 21st day of November 2024.

                                                        _s/ John W. Broomes_
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE