IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BAD RHINO GAMES, LLC,

        Plaintiff,

v.                                                          Case No. 23-2303-JWB

TURN ME UP GAMES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Bad Rhino's motion to seal two exhibits in support of its opposition to Defendant Turn Me Up Games' (TMU) motion for summary judgment (Doc. 96) and TMU's motion to redact portions of its opposition brief and seal exhibit 10 (Doc. 101).

The standards governing sealing court records were summarized as follows in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

This standard is also incorporated into this court's rules. D. Kan. R. 5.4.2. Bad Rhino's motion fails to satisfy this standard. Bad Rhino seeks to seal an entire 24-page publishing agreement between Airship Syndicate and DEX. (Doc. 94, exh. B.) While the publishing agreement is not the central agreement in this case, it is relevant to issues on summary judgment. Bad Rhino asserts that the publishing agreement contains confidential and proprietary product

1

development information. While the court agrees that some provisions of the agreement may include such information, that does not mean that the entire agreement should be sealed. Therefore, the motion to seal this exhibit is denied without prejudice.

Bad Rhino also moves to seal pages from the deposition of Scott Cromie on the basis that these pages were designated as confidential by the parties. That is not sufficient under this court's rules. D. Kan. R. 5.4.2(c). After review, the court finds that this exhibit must be unsealed.

Turning to TMU's motion, TMU seeks to seal an exhibit which contains the master service agreement between Airship Syndicate and Bad Rhino and the publishing agreement between Airship Syndicate and DEX.[1] TMU also seeks to redact portions of its memorandum in opposition to summary judgment. (Doc. 97.) TMU's asserts that the agreements were designated as highly confidential by Airship Syndicate and they contain pricing structures and sensitive material. Again, while the publishing agreement does have such information, TMU has failed to show that the entire agreement must be sealed. Further, the master service agreement between Airship Syndicate and TMU is already on file in redacted form and has similar provisions as the master service agreement between Airship Syndicate and Bad Rhino. (Doc. 22-5.) This strongly supports a finding that it is not necessary to seal the entire agreement. Therefore, the motion to seal TMU's exhibit 10 is denied without prejudice.

The court has also reviewed TMU's opposition brief which quotes portions of Exhibit 10. After review, the court finds that TMU has not met its burden to redact portions of its brief. The quoted portions of the publishing agreement merely set forth the grant of publishing rights to DEX. The granting of these rights is not confidential as the parties' summary judgment materials make clear. The other redactions include the quotes from the exhibit that the game will be adapted to

---

[1] This copy of the publishing agreement contains attachments and amendments that are not contained in Bad Rhino's exhibit of the publishing agreement. (Doc. 97-1.)

certain platforms. This information is not highly sensitive as it would be public knowledge regarding the platforms on which the game is available. Therefore, TMU's motion to redact its opposition brief is denied.

## Conclusion

Bad Rhino's motion to seal (Doc. 96) is DENIED. On or before December 10, Bad Rhino may file a motion requesting that the court allow a redacted version of Exhibit B, the publishing agreement, to be filed on the public record. Any such motion must be detailed and provide sufficient justification for redacting each provision of the agreement that Bad Rhino seeks to redact. Otherwise, it will be summarily denied. The clerk's office is to unseal Doc. 94-1 (Exhibit C) but allow Doc. 94 (Exhibit B) to remain under seal for the time being.

TMU's motion to seal (Doc. 101) is DENIED. On or before December 10, TMU may file a motion requesting that the court allow a redacted version of Exhibit 10 to be filed on the public record. Any such motion must be detailed and provide sufficient justification for redacting each provision of the agreements contained in Exhibit 10 that TMU seeks to redact. Otherwise, it will be summarily denied. The clerk's office is to unseal Doc. 97 (TMU's opposition brief) but allow Doc. 97-1 (Exhibit 10) to remain under seal for the time being.

IT IS SO ORDERED. Dated this 4th day of December, 2024.

                                                  __s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE