IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BAD RHINO GAMES, LLC,

      Plaintiff,

v.                                                                         Case No. 23-2303-JWB

TURN ME UP GAMES, INC.,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Bad Rhino's motion to reconsider the denial of its motion for summary judgment. (Doc. 115.) The motion has been fully briefed and is ripe for decision. (Docs. 116, 117, 118.) The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

The court incorporates its prior factual findings from its order on summary judgment and will only summarize the background here. (Doc. 114.) Defendant Turn Me Up Games ("TMU") entered into an Independent Contractor Agreement (the "ICA") with Plaintiff Bad Rhino to assist it in porting a video game to other platforms. (Doc. 22-2.) The ICA provided that the agreement could be terminated by TMU without cause but that TMU would have to pay for certain work that was completed at the time of termination. The ICA also had a non-compete provision which prohibited Bad Rhino from engaging in business with the publisher of the game. The undersigned held that the undisputed facts showed that Digital Extremes ("DEX") was the publisher of the game. (Doc. 114 at 7.) DEX had previously entered into agreements with TMU for services relating to the game. Evidence on summary judgment indicated that Airship Syndicate Entertainment, Inc. ("Airship") was the developer of the game. There was evidence on summary

1

judgment that all four entities worked together on the game during the time period that the ICA was in effect.

On August 1, 2022, DEX terminated its master service agreement with TMU.  TMU then terminated the master service agreement it had with Bad Rhino.  On August 18, Bad Rhino and Airship signed a master service agreement with an effective date of August 1, 2022, for Bad Rhino to provide development services for the game.  After entering into that agreement, Bad Rhino participated in video conferences with DEX and Airship regarding the game.  (Doc. 97 at 29; 106 at 4.)  TMU terminated the ICA with Bad Rhino in April 2023.  According to TMU, it did not know of the alleged business relationship between Bad Rhino and Airship and DEX arising out of the August 2022 master service agreement until 2023.  (Doc. 79-3 ¶¶ 13–14.)  On May 17, 2023, TMU sent a notice of breach to Bad Rhino stating that it believed Bad Rhino breached the non-compete provision of the ICA.  (Doc. 73-14.)

Bad Rhino filed suit in July 2023 alleging breach of contract for failing to pay amounts due under the ICA.  (Doc. 1.)  TMU filed a counterclaim for breach of contract.  Bad Rhino moved for summary judgment on its claim of breach of contract and on TMU's claim.  (Docs. 72, 73.)  TMU opposed Bad Rhino's motion for summary judgment on the basis that Bad Rhino materially breached the ICA first and therefore it was excused from performing under the ICA.  TMU also moved for summary judgment on its counterclaim of breach of the ICA for Bad Rhino's alleged violation of the non-compete provision.  (Doc. 78.)  The court denied the motions for summary judgment finding that there were fact issues for a jury.  With respect to Bad Rhino's motion for summary judgment, the court found that a jury could conclude that Bad Rhino violated the non-compete provision by engaging in business with DEX even though there was no formal agreement between the parties.  (Doc. 114 at 8.)

Bad Rhino now moves for reconsideration.

## II.     Standard

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court does not consider issues that have already been addressed or arguments that could have been raised. *Id.*

## III.    Analysis

Bad Rhino argues the court erred in ruling that there is a genuine issue of material fact as to whether Bad Rhino and DEX engaged in business in violation of the non-compete provision. Bad Rhino contends that the court "misapprehended the facts of the case" in its ruling. (Doc. 116 at 2.) The motion, however, merely argues that the facts presented by Bad Rhino were sufficient to determine that the parties did not engage in business. The court considered all the facts on summary judgment (not only those presented by Bad Rhino). Further, Bad Rhino overlooks that TMU disputed facts that Bad Rhino points to in support of its position. Bad Rhino merely raises the same issues addressed on summary judgment or argues points that could have been raised on summary judgment. Such arguments are not appropriate for a motion for reconsideration.

Bad Rhino also argues that the court erred in finding that it failed to "preserve its argument that TMU waived its right to enforce the non-compete." (Doc. 116 at 4.) In moving for summary judgment, Bad Rhino argued that TMU was estopped from enforcing the non-compete provision due to its conduct during the parties relationship and also that TMU waived the right to enforce the non-compete provision. (Doc. 114 at 8–9.) The court held that Bad Rhino may present certain arguments to the jury on its defense of estoppel. However, the court held that Bad Rhino did not

preserve the defense of waiver in the pretrial order. (*Id.* at 9.) Bad Rhino now argues that the court erred in this holding and that it did preserve the defense in the pretrial order. (Doc. 116 at 5.) In support of its position, Bad Rhino cites to page fourteen of the pretrial order where it has listed its defenses to TMU's claim of breach. The pretrial order states as follows:

> Plaintiff/Counter Defendant asserts the following defenses:
>
> i. Defendant is estopped from pursuing recovery based on its acts, conduct and representations occurring prior to the Bad Rhino's alleged misconduct, e.g., forcing Bad Rhino to communicate with other parties.
> ii. Defendant is not entitled to judgment or recovery according to the doctrine of unclean hands.
> iii. Defendant is not entitled to judgment or recovery because it failed to mitigate damages.
> iv. Defendant is not entitled to judgment or recovery pursuant to the terms of the Independent Contractor Agreement, e.g., Section 12(b) of the Agreement.
> v. Defendant is not entitled to judgment or recovery as the allegedly breached provision in the Independent Contractor Agreement is void and/or unenforceable.

(Doc. 71 at 14–15.)

It is clear from the pretrial order that Bad Rhino did not assert the defense of waiver. Bad Rhino did assert the defense of estoppel in paragraph (i) and the court recognized that defense in its prior order. Bad Rhino also asserted the doctrine of unclean hands and failure to mitigate; both of which were not addressed on summary judgment and remain preserved in the pretrial order. (Doc. 71.) Bad Rhino argues that the court erred in finding that it did not preserve waiver because that defense essentially sounds like these other defenses that were preserved. (Doc. 116 at 5.) Bad Rhino fails to cite any authority that would support such a position. The cases cited by Bad Rhino do not stand for the proposition that an asserted defense of estoppel, unclean hands, or failure to mitigate are sufficient to preserve waiver. Waiver is a separate defense. *See* Fed. R. Civ. P. 8(c) (listing affirmative defenses). This defense is not in the pretrial order and it must be plead

affirmatively.  Therefore, Bad Rhino has not shown that this court erred in finding that the defense was not preserved.

**IV.  Conclusion**

Plaintiff's motion to reconsider (Doc. 115) is DENIED.

IT IS SO ORDERED.  Dated this 18th day of March, 2025.

                                              _s/ John W. Broomes_
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE